IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIRENTEM VENTURES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-917 (MN) |
| | ) |
| YOUTUBE, LLC and GOOGLE LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

John G. Day, Andrew C. Mayo, AsHBY & GEDDES, Wilmington, DE; Henry C. Bunsow, Denise De Mory, Christiana M. Finn, Jenna Elizabeth Dean, BUNSOW DE MORY LLP, Redwood City, CA – attorneys for Plaintiff

Frederick L. Cottrell, III, Kelly E. Farnan, Sara M. Metzler, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Charles K. Verhoeven, David A. Perlson, Jordan R. Jaffe, QUINN EMANUEL URQUHART & SULLIVAN LLP, San Francisco, CA 94111 – attorneys for Defendants

May 16, 2019
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Defendants YouTube, LLC ("YouTube") and Google LLC ("Google")[1] (collectively "Defendants") have moved pursuant to 28 U.S.C. § 1404(a) to transfer this case to the Northern District of California. (D.I. 39). Plaintiff Virentem Ventures LLC ("Virentem" or "Plaintiff") opposes. (D.I. 53). For the reasons discussed below, the Court will deny Defendants' motion.

## I. BACKGROUND

Plaintiff, Virentem Ventures LLC and each of the Defendants are Delaware corporations with principal places of business in California. Plaintiff filed this action on June 20, 2018, alleging that Defendants infringe eleven patents. On November 9, 2018, Plaintiff filed an Amended Answer asserting infringement of the same eleven patents and adding a twelfth count titled "Unfair Competition – Violation of Cal. Bus & Prof Code § 17200." (D.I. 30). On December 7, 2018, Defendants moved to dismiss Plaintiff's claims for willful and induced infringement and to dismiss and to strike Plaintiff's unfair competition claims. (D.I. 34, 35).

## II. LEGAL STANDARD

District courts have the authority to transfer venue "[f]or the convenience of parties and witnesses, in the interests of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). However, "[a] plaintiff, as the injured party, generally ha[s] been 'accorded [the] privilege of bringing an action where he chooses," *Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367, 371 (D. Del. 2012) (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955)), and this choice "should not be lightly disturbed," *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

> The Third Circuit has recognized that
>
> [i]n ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the

---

[1] YouTube LLC is a wholly-owned subsidiary of Google LLC. (D.I. 43 at 2).

courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.

*Jumara*, 55 F.3d at 879 (citation omitted). The *Jumara* court went on to describe twelve (12) "private and public interests protected by the language of § 1404(a)." *Id.* The six private interests include:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* at 879 (citations omitted). The six public interests include:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-880.

The party seeking transfer bears the burden "to establish that a balancing of proper interests weigh[s] in favor of transfer." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). This is a heavy burden. Indeed, although courts have "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer," *Jumara*, 55 F.3d at 883, the Third Circuit has held that "unless the balance of convenience of the parties is strongly in favor of [the] defendant, the plaintiff's choice of forum should prevail." *Shutte*, 431 F.2d at 25.

**III.    DISCUSSION**

As an initial matter, there is no dispute that this case could have been brought in the Northern District of California. Thus, the issue before the Court is whether to exercise discretion under § 1404(a) to transfer this case to that district.

   **1.    Plaintiff's Forum Preference**

This factor weighs against transfer. "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request" – one that "should not be lightly disturbed." *Shutte*, 431 F.2d at 25 (internal quotations and citation omitted). "Assuming jurisdiction and proper venue, weight is given to plaintiff's choice because it is plaintiff's choice and a strong showing under the statutory criteria in favor of another forum is then required as a prerequisite to transfer." *Burroughs Wellcome Co. v. Giant Food, Inc.*, 392 F. Supp. 761, 763 n.4 (D. Del. 1975).

Defendants argue that Plaintiff's choice of forum should be afforded "minimal weight" and also less deference "because [Plaintiff] chose to litigate in the forum where it is incorporated, rather than the forum where its principal place of business is located." (D.I. 40 at 9-10 (quoting *Audatex N. Am., Inc. v. Mitchell Int'l, Inc.*, C.A. 12-139-GMS, 2013 WL 3293611, at *3 (D. Del. June 28, 2013)). This Court has previously noted, however, that it is "'difficult to understand why the plaintiff's forum choice in and of itself merits less weight when the plaintiff has no ties to the selected forum or when the facts underlying the controversy occurred elsewhere'" and that "'[n]either *Shutte* nor *Jumara* hold or even intimate that a plaintiff's motive in selecting its forum choice is relevant for § 1404(a) purposes.'" *ANI Pharm., Inc. v. Method Pharm., LLC*, No. 17-1097 (MN), 2019 WL 176339, at *8 (D. Del. Jan. 11, 2019) (quoting *VLSI Tech. LLC, v. Intel Corp.*, No. 18-966 (CFC), 2018 WL 5342650, at *2, 5-6 (D. Del. Oct. 29, 2018)).

3

So too, here, where Defendants have not challenged venue or jurisdiction in Delaware, the Court is not convinced that Plaintiff's choice should be afforded any less deference because its principal place of business is located in California. Thus, the Court will follow *Shutte* and give Plaintiff's forum choice paramount consideration in balancing the *Jumara* factors.

### 2. Defendant's Forum Preference

This factor favors transfer.

### 3. Whether the Claims Arose Elsewhere

This factor bears only slightly on the transfer analysis. Here, Defendants assert that Defendants "created, developed, and engineered [their] product[s] largely in the Northern District of California"[2] and that "[t]he engineering teams that created, implemented, and maintain the accused products, including YouTube's Player Infrastructure Team and the Nest teams responsible for the Sightline feature, are all based and predominantly employed in the Northern District of California." (D.I. 40 at 11). That connection would favor transfer. *See In re Hoffmann–La Roche, Inc.,* 587 F.3d 1333, 1338 (Fed. Cir. 2009). That being said, however, patent claims arise wherever the allegedly-infringing products are sold, and Defendants do not dispute that the accused products in this case are marketed and sold in Delaware. *VLSI*, 2018 WL 5342650, at *6 (citing *Treehouse Avatar LLC v. Valve Corp.*, 170 F. Supp. 3d 706, 710 (D. Del. 2016) ("A claim for patent infringement arises wherever someone has committed acts of infringement, to wit, 'makes, uses, offers to sell, or sells any patented invention' without authority.")). Thus, this factor weighs in favor of transfer, but does so only slightly.

---

[2] According to Defendants, "[t]he engineers primarily responsible for functionality in YouTube's video player, including variable speed playback in both internet browsers and YouTube apps, are part of a group known as the Player Infrastructure Team. As of October 2018, there were approximately 31 people in the Player Infrastructure Team, of which 75% work in San Bruno, California." (D.I. 40 at 4 (internal citation omitted)). So too Defendants assert that the teams who designed, developed and managed the accused "Google Nest Products" "primarily worked in Northern California." (*Id.* at 4-5).

### 4. The Convenience of The Parties As Indicated by Their Relative Physical and Financial Conditions

This factor is effectively neutral. Defendants argue that "[i]t is clearly more convenient for the parties to litigate in the Northern District of California, a familiar court at the site of their principal places of business." (D.I. 40 at 13 (citing *Illumina, Inc. v. Complete Genomics, Inc.*, C.A. 10-649 (RFK), 2010 WL 4818083, at *3 (D. Del. Nov. 9, 2010)). Defendants' size, financial resources, and status as Delaware corporations, however, negate any assertion that they are actually inconvenienced by having to litigate in Delaware. As Delaware corporations with global operations, Defendants demonstrate "inconvenience" pursuant to § 1404(a) only if they "prove that litigating in Delaware would pose a unique or unusual burden on [its] operations." *VLSI*, 2018 WL 5342650, at *6 (quoting *Graphics Props. Holdings Inc. v. Asus Computer Int'l, Inc.*, 964 F. Supp. 2d 320, 325 (D. Del. 2013) and citing *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001) ("[A]bsent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient.")). Indeed, "when a party accepts the benefits of incorporation under the laws of the State of Delaware, a company should not be successful in arguing that litigation in Delaware is inconvenient, absent some showing of a unique or unexpected burden." *Universal Secure Registry, LLC v. Apple Inc.*, No. 17-585 (CFC) (SRF), 2018 WL 4502062, at *3 (D. Del. Sept. 19, 2018).

Here, Defendants have not identified any significant inconvenience – let alone a unique or unusual burden – that it would incur as a party to litigation in this Court. Nor have Defendants contended that Delaware would pose an undue burden on their party witnesses. Moreover, as noted above, Defendants are large corporations with employees located all over the world. They chose to incorporate in Delaware and have afforded themselves the benefits of their status as

Delaware corporations as well as by bringing litigation here in the past. The Court thus finds that Defendants would not be inconvenienced by keeping this action in Delaware.

As to Plaintiff, the Northern District of California and this District appear equally convenient. Plaintiff, however, "has chosen to litigate this matter in Delaware and that choice signals its belief that litigation here is most convenient for it, for whatever its reasons." *Tessera, Inc. v. Sony Elecs. Inc.*, No. 10-838 (RMB) (KW), 2012 WL 1107706, at *4 (D. Del. Mar. 30, 2012)). Thus, the convenience of the parties is a neutral factor under § 1404(a).

### 5. The Convenience of Witnesses

This factor weighs slightly in favor of transfer. Courts in this District have held that this factor carries weight "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *VLSI*, 2018 WL 5342650, at *7 (quoting *Jumara*, 55 F.3d at 879 and citing *Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 732 (D. Del. 2012)). "[W]itnesses who are employed by a party carry no weight," because "each party is able, indeed, obligated to procure the attendance of its own employees for trial." *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998).

Here, Defendants argue that relevant witnesses are in the Northern District of California but none are in Delaware. They have identified three categories of individuals whose appearance, they assert, may be required but cannot necessarily be compelled: inventors, the parties' ex-employees, and third parties with knowledge of prior art. Defendants offer no record evidence that demonstrates that necessary witnesses will refuse to appear in Delaware for trial.

With respect to the inventors, only one, Don Hejna, has been identified as located in the Northern District of California.[3] As both parties agree, Mr. Hejna is the Managing Partner of

---

[3] The other inventors identified are from Massachusetts and Washington State.

6

Plaintiff. Being so affiliated with the Plaintiff, Plaintiff represents (and the Court accepts and will hold Plaintiff to that representation) that Mr. Hejna would be available for trial – that he would voluntarily appear in this District, or could be compelled to do so.

With respect to former employees, Defendants identify two former employees of Enounce (the company that brought the earlier litigation) who currently reside in Northern California, one of whom Enounce "identified as having relevant knowledge in its initial disclosures" in the prior litigation. Defendants also refer generally to its own former employees and to third parties identified in connection with respect to prior art documents. There is no discussion, however, as to whether any of these would actually be necessary witnesses or whether they would agree to appear at trial. Thus, the Court finds that this factor weighs slightly in favor of transfer.

### 6. The Location of Books and Records

This factor is neutral. Courts give weight to the location of books and records only "to the extent that the files [and other documentary evidence] could not be produced in the alternative forum." *Jumara*, 55 F.3d at 879. Here, Defendants asserts that "all or nearly all relevant party documents, including highly proprietary information and source code, are available in the Northern District of California." (D.I. 40 at 15). Defendants, however, have not identified any evidence that could only be available in the Northern District of California or could not be produced in Delaware.[4] Thus, this factor is neutral. *See Signal Tech, LLC v. Analog Devices, Inc.*, 2012 WL 1134723, at *3 (D. Del. Apr. 3, 2012).

---

[4] Defendants refer generally to source code, but as Plaintiff notes, "it is routine for parties to reach agreements regarding where source code will be produced and reviewed in a manner that mitigates burden to all regardless of where a case is pending." (D.I. 53 at 10) (citing *VLSI Technology*, 2018 WL 5342650, at *7)).

7

### 7. Enforceability of the Judgment

The parties agree that this factor is neutral, as judgments from this District and the Northern District of California would be equally enforceable. (D.I. 40 at 16 n.5).

### 8. Practical Considerations

This factor is neutral. Defendants assert that practical considerations favor trial in the Northern District of California. First, Defendants assert that transfer will "increase efficiency because the transferee court has already considered and construed language from certain patent claims at issue." (D.I. 40 at 16). The Court finds that assertion to be overstated. The prior litigation was filed more than six years ago by another company.[5] It involved only two of the eleven Asserted Patents, and was resolved more than four years ago without a trial. Moreover, it is unclear whether this case would necessarily be assigned to the judge who handled the earlier litigation. *See* Northern District of California General Order 44 (available at https://www.cand.uscourts.gov/filelibrary/132/GO-44_01.01.18.pdf) (stating that a transferred case would be randomly assigned); *see also Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-00-20905 RMW, 2008 WL 3916304, at *1-2 (N.D. Cal. Aug. 24, 2008) (declining to find that a second case involving seventeen patents was "related" to an earlier case that involved six of the seventeen patents because having the cases before the same judge was "not necessary to avoid an unduly burdensome duplication of labor and expense or to minimize the chance of conflicting results").

Additionally, Defendants assert trial in the Northern District of California will be easier, more efficient, and less costly and "[w]hen 'neither party operates nor has facilities, offices, or employees in Delaware, the court [should find] that the practical considerations of efficiency, expense, and ease favor transfer.'" (D.I. 40 at 17) (quoting *Mitel Networks Corp. v. Facebook,*

---

[5] Plaintiff asserts that the earlier suit was filed by its predecessor in interest. Defendants suggest that it may have been filed by Plaintiff's parent corporation.

8

*Inc.*, 943 F. Supp. 2d 463, 476 (D. Del. 2013)). As Plaintiff points out, however, Defendants' conclusory assertions are "not necessarily true. The Bay Area is widely known to have one of the highest costs of living in the country. Trial in that venue might be more expensive in some ways than trying the case in Delaware." (D.I. 53 at 14). Similarly, the Court agrees with Plaintiff that Defendants have offered no compelling evidence that the Northern District operates more efficiently than does this Court. This factor is neutral and does not weigh in favor of transfer.

### 9. Relative Administrative Difficulty Due to Court Congestion

This factor weighs against transfer. Defendants argue that the number of patent cases filed in this district is substantially higher than the case filings in the Northern District of California. While that may be true, as of December of 2018, the average time to trial in Delaware remained several months quicker than the time to trial in the Northern District of California. *See* Federal Court Management Statistics, December 2018 (available at https://www.uscourts.gov/sites/default/files/fcms_na_distcomparison1231.2018.pdf).[6]

### 10. Local Interest in Deciding Local Controversies at Home

This factor is neutral. It is clear that "[p]atent issues do not give rise to a local controversy or implicate local interests." *Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 486 (D. Del. 2011) (quoting *TriStata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008)). Moreover, although Defendants argue that the Northern District of California has a strong local interest "because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community," accusing them of *inter alia*, willful infringement, it ignores that this action involves a dispute between Delaware corporate citizens. (D.I. 40 at 18 (citing *In*

---

[6] While the actual trial date set in this case is later than would be expected based on the average time to trial in the District of Delaware, that is solely due to the parties' agreement to that date in its proposal to the Court. (D.I. 61, 69).

*re Hoffman-La Roche*, 587 F.3d 1333, 1336 (Fed. Cir. 2009)). Delaware has a substantial interest in adjudicating disputes involving companies incorporated in Delaware. *Intellectual Ventures I*, 797 F. Supp. 2d at 486. Moreover, Defendants also employ thousands of employees around the world and are truly not "local" companies in the Northern District.

Finally, Defendants' assertion that the "Northern District of California's local interest is further shown because Virentem accuses Defendants of committing unfair business practices violating California unfair competition law" ignores that Defendants have moved both to dismiss and to strike the unfair competition claims on multiple grounds, including for lack of subject matter jurisdiction, as time barred, because they fail to state a claim, and as "an impermissible strategic lawsuit against public participation." (D.I. 34, 35, 36 at 18-29). Thus, it is unclear at this time whether those claims will remain in this lawsuit. (D.I. 40 at 19). Even if that one count does survive, however, it is one of twelve counts in the complaint and appears to overlap to some degree with the patent issues asserted. Thus, it does not evince a strong local interest.

### 11. Public Policies of The Fora

Delaware's public policy encourages Delaware corporations to resolve their disputes in Delaware courts. *Round Rock Research, LLC v. Dell, Inc.*, 904 F. Supp. 2d 374, 378 (D. Del. 2012). Defendants have not addressed this factor. Thus, this factor weighs against transfer.

### 12. Familiarity of The Trial Judges with The Applicable State Law in Diversity Cases

This factor is neutral. This case is primarily a patent case. Eleven of the twelve counts in Plaintiff's complaint arise under the federal patent laws. Defendants do not argue that there is any distinction between the two districts with respect to the patent claims. Instead, they argue that the California state law unfair competition claim added in the Amended Complaint favors transfer to California. Moreover, as discussed above, Defendants have moved both to dismiss and to strike the unfair competition claims on multiple grounds and it is unclear whether those claims will

remain in the case. (D.I. 34, 35, 36 at 18-29). Even if that claim does survive, however, it is one count of twelve in the complaint that, as noted above, overlaps to some degree with the patent issues asserted. This Court is competent to apply state law to that claim. Indeed, "the nature of federal practice requires the Court to routinely interpret laws from jurisdictions across the nation." *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 739 (E.D. Va. 2007) (internal quotation marks omitted). Thus, this factor is neutral.

## IV. CONCLUSION

Of the twelve *Jumara* factors, six are neutral, three weigh to varying degrees against transfer, and three weigh in favor of transfer. Looking at the factors as a whole and treating Plaintiff's choice of this forum as a paramount consideration, Defendants have failed to demonstrate that the *Jumara* factors weigh strongly in favor of transfer. Defendants' motion to transfer will, thus, be denied. An appropriate order will be entered.